IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TIMOTHY LEE YORK, #15137-078 | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv130 |
| | § | CRIM. ACTION NO. 4:07cr181(1) |
| | § | |
| UNITED STATES OF AMERICA | § | |

**POSTJUDGMENT MEMORANDUM OPINION AND ORDER**

Movant filed a motion to reopen the time to file a notice of appeal (docket entry #17). A review of the record shows that a Report and Recommendation was filed on February 11, 2014, recommending that Movant's motion be denied and his case be dismissed. Movant had fourteen days in which to file objections. He failed to do so. One month later, on March 11, 2014, Movant filed an untimely motion for extension of time to file objections. The order was granted, but the court ordered that Movant must file his objections by March 25, 2014. No objections were filed. This court adopted the Report and Recommendation, and denied the § 2255 motion on March 27, 2014. Twenty-eight days later, on April 24, 2014, Movant filed a second motion for extension of time to file objections (docket entry #15). However, he filed his motion approximately one month after Final Judgment; thus, it is moot.

Movant then filed a petition for writ of mandamus with the Fifth Circuit Court of Appeals. Movant states that he first learned that his § 2255 motion had been denied and his case dismissed when the Fifth Circuit Court of Appeals issued its opinion denying his writ of mandamus. Movant claims that he received the opinion from the Fifth Circuit Court of Appeals on August 1, 2014.

1

Movant then filed his motion to reopen the time to file a notice of appeal within fourteen days – on August 12, 2014. (Docket entry #17).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure notes that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Although no mail was ever returned to the court, the court finds that Movant arguably did not receive notice of final judgment, which issued on March 27, 2014. The court further finds that Movant did not receive notice of final judgment until he received the appellate court's opinion, on August 1, 2014. Movant filed his motion to reopen the time to file an appeal on August 12, 2014. Thus, Movant's motion was filed within 14 days after learning of final judgment and within 180 days of final judgment issuing. The court finds that no party would be prejudiced by reopening the time to file an appeal. Consequently, it is

**ORDERED** that Movant's motion for an extension of time in which to file objections (docket entry #15) is **DENIED** as moot. It is also

**ORDERED** that Movant's motion to reopen the time to file a notice of appeal(docket entry #17) is **GRANTED**, and the time to file an appeal is now **REOPENED** as of today's date. Movant,

2

should he wish, shall be allowed to file an appeal concerning this §2255 case. **Movant shall have fourteen days from today's date in which to file a notice of appeal**. Finally, it is

ORDERED that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this the 24th day of March, 2015.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE